IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

RECEIVED
2005 OCT 28 P 3: 26
DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | CR. NO. __2:05cr00149-F__ |
| ) | [21 USC 841(f)(1); |
| ) | 18 USC 2] |
| ) | |
| LESLIE H. TRAWICK, d/b/a ) | |
| LAKE GROCERY ) | INFORMATION |

The United States Attorney charges:

## COUNT 1

Beginning on and about December 5, 2002, and continuing to on or about February 6, 2003, in Covington County, Alabama, within the Middle District of Alabama,

LESLIE H. TRAWICK, d/b/a
LAKE GROCERY,

defendant herein, while aiding and abetting others known and unknown, in violation of this subchapter, namely, Title 21, United States Code, Section 841(c)(2), did knowingly distribute a listed chemical, to-wit: pseudoephedrine, other than in violation of a record-keeping and reporting requirement of Section 830 of Title 21, all in violation of Title 21, United States Code, Section 841(f)(1), and Title 18, United States Code, Section 2.

### Forfeiture Allegation

A. Count 1 of this Information is hereby repeated and incorporated herein by reference.

B. Upon conviction for violation of Title 21, United States Code, Section 841, as alleged in Count 1 the defendant,

LESLIE H. TRAWICK, d/b/a
LAKE GROBERY,

shall forfeit to the United States pursuant to Title 21, United States Code, Section 853, any and all

property constituting or derived from any proceeds the said defendants obtained directly or indirectly as a result of the said violation and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of the violation alleged in Count 1 of this information, including but not limited to the property described below.

> **PARCEL NUMBER 1**: For a Point Beginning of the lands herein described, commence at an iron pin set at the point where an ancient fence marking the accepted West line of the NE 1/4 of Section 8, Township 4 North, Range 18 East, intersects the Westerly margin of U. S. Highway No. 331, thence S17° 07.1'E along the West line of said highway a distance of 1105.58 feet to a point marked by an iron pin, thence S86° 58.5'W a distance of 330.71 feet to a point marked by an iron pin, thence N0° 05.1'E a distance of 1074.07 feet to the Point of Beginning. Said lot or parcel of land lying in and being a part of the W 1/2 of NE 1/4 of Section 8, Township 4 North, Range 18 East and containing 4.07 1 acres, more or less.
>
> **PARCEL NUMBER 2**: Commence at an iron pin set at the point where an ancient fence marking the accepted West line of the NE 1/4 of Section 8, Township 4 North, Range 18 East, intersects the Westerly margin of U. S. Highway No. 331, thence S17° 07.1'E along the West line of said highway a distance of 1105.58 feet to a point marked by an iron pin, and the Point of Beginning of the lands herein described, thence continue S17° 07.1'E along the West line of said highway a distance of 304.44 feet to a point marked by an iron pin, thence S72° 20.4'W a distance of 440.52 feet to a point marked by an iron pin, thence N0° 05.1'E a distance of 407.17 feet to a point marked by an iron pin, thence N86° 58.5'E a distance of 330.71 feet to the Point of Beginning. Said lot or parcel of land lying in and being a part of the W 1/2 of NE 1/4 of Section 8, Township 4 North, Range 18 East and containing 3.092 acres, more or less.
>
> **RECITAL:** The above property is no part of the homestead of the Grantor or of the Grantor's spouse, nor was it part of the homestead of Samuel W. Stinson or of his spouse at the time of execution of that certain deed to the Grantor herein recorded in the Office of the Judge of Probate of Covington County, Alabama, in Real Property Book 861, Page 911.
>
> **RECITAL:** To correct that certain deed dated February 28, 1996, and recorded February 28, 1996, at 10:10 a.m., in Real Property Book 914, Pages 584-585, in the Office of the Judge of Probate of Covington County, Alabama.

C. If any of the forfeitable property described in this forfeiture allegation, as a result of any act or omission of the defendants:

> (1) cannot be located upon the exercise of due diligence;

(2) has been transferred or sold to, or deposited with, a third person;

(3) has been placed beyond the jurisdiction of the Court;

(4) has been substantially diminished in value; or,

(5) has been commingled with other property which cannot be subdivided without difficulty; the United States, pursuant to Title 21, United States Code, Section 853, intends to seek an order of this Court forfeiting any other property of said defendants up to the value of the forfeitable property, all in violation of Title 21, United States Code, Sections 841, and 853.

_____
LEURA GARRETT CANARY
UNITED STATES ATTORNEY

_____
TOMMIE BROWN HARDWICK
Assistant United States Attorney

_____
JOHN T. HARMON
Assistant United States Attorney