IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CASE NO. 2:05cr149-F |
| | ) | |
| LESLIE H. TRAWICK d/b/a | ) | |
| LAKE GROCERY, | ) | |

**PRELIMINARY ORDER OF FORFEITURE**

WHEREAS, in the Forfeiture Allegation of the Information for Forfeiture of Property in the above case, the United States sought forfeiture of specific property

IT IS HEREBY ORDERED THAT:

1. As the result of the guilty plea on Count 1 of the Information, for which the Government sought forfeiture pursuant to Title 21, United States Code, Section 853, the defendant shall forfeit to the United States:

All property constituting, or derived from, any proceeds the defendant obtained directly or indirectly, as the result of such violations and all property used or intended to be used in any manner or part to commit or facilitate the commission of the violation of Title 18, United States Code, Section 841.

2. The Court has determined, based on the evidence already in the record/defendant's plea, that the following real property is subject to forfeiture pursuant to Title 21, United States Code, Section 853, that the defendant LESLIE H. TRAWICK d/b/a LAKE GROCERY had an interest in such property and that the government has established the requisite nexus between such property and such offense:

PARCEL NUMBER 1: For a Point Beginning of the lands herein described, commence at an iron pin set at the point where an ancient fence marking the accepted West line of the NE 1/4 of Section 8, Township 4 North, Range 18 East, intersects the Westerly margin of U. S. Highway No. 331, thence S17° 07.1'E along the West line of said highway a distance of 1105.58 feet to a point marked by an iron pin, thence S86° 58.5'W a distance of 330.71 feet to a point marked by an iron pin, thence N0° 05.1'E a distance of 1074.07 feet to the Point of Beginning. Said lot or parcel of land lying in and being a part of the W 1/2 of NE 1/4 of Section 8, Township 4 North, Range 18 East and containing 4.071 acres, more or less.

PARCEL NUMBER 2: Commence at an iron pin set at the point where an ancient fence marking the accepted West line of the NE 1/4 of Section 8, Township 4 North, Range 18 East, intersects the Westerly margin of U. S. Highway No. 331, thence S17° 07.1'E along the West line of said highway a distance of 1105.58 feet to a point marked by an iron pin, and the Point of Beginning of the lands herein described, thence continue S17° 07.1'E along the West line of said highway a distance of 304.44 feet to a point marked by an iron pin, thence S72° 20.4'W a distance of 440.52 feet to a point marked by an iron pin, thence N0° 05.1'E a distance of 407.17 feet to a point marked by an iron pin, thence N86° 58.5'E a distance of 330.71 feet to the Point of Beginning. Said lot or parcel of land lying in and being a part of the W 1/2 of NE 1/4 of Section 8, Township 4 North, Range 18 East and containing 3.092 acres, more or less.

**RECITAL:** The above property is no part of the homestead of the Grantor or of the Grantor's spouse, nor was it part of the homestead of Samuel W. Stinson or of his spouse at the time of execution of that certain deed to the Grantor herein recorded in the Office of the Judge of Probate of Covington County, Alabama, in Real Property Book 861, Page 911.

**RECITAL:** To correct that certain deed dated February 28, 1996, and recorded February 28, 1996, at 10:l0 a.m., in Real Property Book 914, Pages 584-585, in the Office of the Judge of Probate of Covington County, Alabama.

3. Upon the entry of this Order, the United States Attorney General (or a designee) is authorized to seize the above described real property, and to conduct any discovery proper

in identifying, locating, or disposing of the property subject to forfeiture, in accordance with Fed. R. Crim. P. 32.2(b)(3).

4. Upon entry of this Order, the United States Attorney General (or a designee) is authorized to commence any applicable proceeding to comply with statutes governing third party rights, including giving notice of this Order.

5. The United States shall publish notice of the order and its intent to dispose of the property in such a manner as the United States Attorney General (or a designee) may direct. The United States may also, to the extent practicable, provide written notice to any person known to have an alleged interest in the Subject Property.

6. Any person, other than the above named defendant, asserting a legal interest in the Subject Property may, within thirty days of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the Subject Property, and for an amendment of the order of forfeiture, pursuant to Title 21, United States Code, Section 853(n)(6).

7. Pursuant to Fed. R. Crim. P. 32.2(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing [or before sentencing if the defendant consents] and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed. R. Crim. P. 32.2(c)(2).

8. Any petition filed by a third party asserting an interest in the Subject Property shall be signed by the petitioner under penalty of perjury and shall set forth the nature and extent of the petitioner's right, title, or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title or interest in the Subject Property, any additional facts supporting the petitioner's claim and the relief sought.

9. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on the petition, discovery may be conducted in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues.

10. The United States shall have clear title to the Subject Real Property following the Court's disposition of all third-party interests, or, if none, following the expiration of the period provided in Title 21, United States Code, Section 853(n)(2).

11. The Court shall retain jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed. R. Crim. P. 32.2(e).

12. The Clerk of the Court shall forward four certified copies of this Order to the United States Attorney's Office, Middle District of Alabama.

Done this 7th day of December, 2005.

                                              /s/ Mark E. Fuller
                                      CHIEF UNITED STATES DISTRICT JUDGE