IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

2006 APR 27  P 4:02

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA.

| | |
|---|---|
| IN RE REAL PROPERTY LOCATED IN COVINGTON COUNTY, ALABAMA. | ) Forfeiture Proceeding ) ) |

| | |
|---|---|
| UNITED STATES OF AMERICA | ) ) |
| v. | ) ) Case No. 2:05cr149-F |
| LESLIE H. TRAWICK D/B/A LAKE GROCERY. | ) ) ) |

### PETITION FOR HEARING TO ADJUDICATE INTEREST IN REAL PROPERTY PURSUANT TO 21 U.S.C. § 853(N)(2)

**COMES NOW** the Petitioner Wachovia Bank, N.A., successor by merger to SouthTrust Bank, N.A. ("Wachovia"), and files this *Petition For Hearing To Adjudicate Interest In Real Property Pursuant To 21 U.S.C. § 853(n)(2)*, and in support thereof, states:

### Procedural History

1. On or about December 7, 2005, this Court entered an Order (the "Preliminary Forfeiture Order") holding that certain real property described therein and owned by the Defendant Leslie H. Trawick d/b/a Lake Grocery (the "Defendant") and located in Covington County, Alabama (the "Real Property") was subject to forfeiture under 21 U.S.C. § 853.

2. The Preliminary Forfeiture Order directed the United States of America (the "United States") to "publish notice of the order and its intent to dispose of the [Real Property] in such a manner as the United States Attorney General (or a designee) may direct." *See* Preliminary Forfeiture Order, ¶ 5.

3. The Preliminary Forfeiture Order also provides that "[a]ny person, other than the above named defendant, asserting a legal interest in the [Real Property] may, within thirty days

1458162

of the final publication of notice or receipt of notice, whichever is earlier, petition the court for a hearing without a jury to adjudicate the validity of his alleged interest in the [Real Property], and for an amendment of the [Preliminary Forfeiture Order], pursuant to Title 21, United States Code, Section 853(n)(6)."[1] See Preliminary Forfeiture Order, ¶ 6.

4.   [PARAGRAPH ON NOTICE]

5.   The following facts are verified by *Affidavit of Lea Williamson* (the "Affidavit") attached hereto as **Exhibit A**. Both this Petition and the Affidavit are signed by Wachovia under penalty of perjury, and set forth the nature and extent of Wachovia's right, title, and interest in the Real Property, the time and circumstance of Wachovia's acquisition of the right, title or interest in the Real Property, additional facts supporting Wachovia's claim herein, and the relief sought, as required by 21 U.S.C. § 853(n)(3). Documents referred to below are attached to the *Affidavit of Lea Williamson* as Exhibits.

### Verified Statement of Facts Supporting Petition

6.   On or about April 8, 1998, Defendant and his wife, Barbara Trawick (collectively, the "Obligors"), executed an Installment Note to Wachovia in an original amount of $187,361.10 (the "Note").

7.   To secure the Note, the Obligors also granted Wachovia an interest in certain real property located in Covington County, Alabama pursuant to that certain *Real Estate Mortgage,*

---

[1]   21 U.S.C. § 853(n)(2)) provides:

Any person, other than the defendant, asserting a legal interest in property which has been ordered forfeited to the United States pursuant to this section may, within thirty days of the final publication of notice or his receipt of notice under paragraph (1), whichever is earlier, petition the court for a hearing to adjudicate the validity of his alleged interest in the property. The hearing shall be held before the court alone, without a jury.

*Security Agreement and Financing Statement* dated April 8, 1998, recorded with the Office of the Judge of Probate of Covington County, Alabama at Book 948, Page 751 (the "Mortgage").

8. From a review of the description of the Real Property in the Preliminary Forfeiture Order and the real property description in the Mortgage, it appears that the descriptions are one and the same, and that therefore Wachovia has an interest in the Real Property.

9. The Obligors later refinanced the indebtedness secured by the Mortgage pursuant to two subsequent notes, that certain *Installment Note* dated June 21, 1999 in an original principal amount of $263,377.86, and that certain *Promissory Note* dated April 2, 2004, in an original principal amount of $148,180.65.

10. Currently, as of April 27, 2006, the balance on the April 2, 2004 Promissory Note is $ 104,134.49, which includes $102,587.37 in principal, $1,383.1 in accrued but unpaid interest, $164.02 in late charges, and $1,000 in attorneys' fees.

11. The Mortgage continues to secure the Obligors' indebtedness under the April 2, 2004 Promissory Note.

**WHEREFORE**, Wachovia respectfully requests that this Court will enter an Order:

A. Ruling that Wachovia's interest in the Real Property is superior to the United States' interest in the Real Property based on the facts set forth herein and in the Affidavit, or in the alternative, should any of those facts be contested by the United States;

B. Setting a hearing date at which Wachovia may appear before this Court and present evidence of its superior interest in the Real Property; and

C. For such other and further relief as may be appropriate.

Respectfully submitted this the 27th day of April 2006.

/s/ Glenn E. Glover
Glenn E. Glover

Attorney for Wachovia Bank, N.A.

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:   (205) 251-3000
Facsimile:    (205) 458-5100

## VERIFICATION

The following, in the capacity indicated, hereby verifies to the best of his personal knowledge and belief, that the facts set forth in the foregoing *Petition For Hearing To Adjudicate Interest In Real Property Pursuant To 21 U.S.C. § 853(N)(2)* are true and correct.

_____
Name:  Lea Williamson
Title:   Senior Vice-President, Wachovia Bank, N.A.

STATE OF Texas        )
COUNTY OF Dallas     )

I, Tejal Patel, a Notary Public in and for said County in said State, hereby certify that Lea Williamson, whose name as Vice-President of Wachovia Bank, a national banking association, is signed to the foregoing *Petition For Hearing To Adjudicate Interest In Real Property Pursuant To 21 U.S.C. § 853(N)(2)* and who is known to me, acknowledged before me on this day that, being informed of the contents of such instrument, she, as such officer and with full authority, he executed the same voluntarily for and as the act of said entity.

Given under my hand and seal, this 26th day of April 2006.

_____
NOTARY PUBLIC

[Notary Seal: TEJAL PATEL, My Commission Expires February 10, 2009]

1458162

4

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been served on the United States by hand delivery to the address below on this the 27th day of April 2006 at the following:

John Harmon
Assistant United States Attorney General
One Court Square, Suite 201
Montgomery, Alabama 36104

_____
OF COUNSEL