IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA,
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.   ) | Case No. 2:05cr149-MHT |
| ) | |
| LESLIE H. TRAWICK D/B/A LAKE ) | |
| GROCERY.   ) | |

**AGREED ORDER ON UNITED STATES'
MOTION FOR A FINAL ORDER OF FORFEITURE**

This matter is before the Court on the United States' (the "U.S.") *Motion For Final Order Of Forfeiture* (Docket No. 150) *(*the "Motion").

Previously, this Court entered a *Preliminary Order of Forfeiture* on December 7, 2005, (Docket No. 71) (the "Preliminary Order") ordering Defendant Leslie H. Trawick's forfeiture of his interest in certain Real Property (as defined below) located in Covington County, Alabama (the "Real Property"). Notice of the Preliminary Order was given by publication on April 13, 20 and 27, 2006 in the *Opp News* and *Montgomery Advertiser*, and notice was served upon Barbara Trawick ("B. Trawick") and Wachovia Bank, N.A. ("Wachovia"). B. Trawick and Wachovia timely filed objections to the Preliminary Order (petitions to have their interest in the Real Property adjudicated) before entry of a final order of forfeiture (Docket Nos. 118 and 117, respectively). The Court then entered Orders directing the U.S. to show cause why the Preliminary Order should not be amended to reflect B. Trawick's and Wachovia's interests in the Real Property (Docket Nos. 121 and 120, respectively). The U.S. filed responses to the Court's Orders essentially stating it had no objection

1

to the final order of forfeiture reflecting Trawick's and Wachovia's requests as filed (Docket Nos. 122 and 123, respectively).

The U.S. filed the instant Motion on September 12, 2006. Wachovia filed an objection to the Motion on September 13, 2006.

Due notice of the Preliminary Order and the Motion having been given to all parties in interest, and for good cause shown, the Court hereby **ORDERS**, **ADJUDGES**, and **DECREES**:

    1.    The following real property (the "Real Property") is hereby forfeited to the United States of America pursuant to Title 21, United States Code, Section 853:

> PARCEL NUMBER 1: For a Point Beginning of the lands herein described, commence at an iron pin set at the point where an ancient fence marking the accepted West line of the NE 1/4 of Section 8, Township 4 North, Range 18 East, intersects the Westerly margin of U. S. Highway No. 331, thence S17° 07.1'E along the West line of said highway a distance of 1105.58 feet to a point marked by an iron pin, thence S86° 58.5'W a distance of 330.71 feet to a point marked by an iron pin, thence N0° 05.1'E a distance of 1074.07 feet to the Point of Beginning. Said lot or parcel of land lying in and being a part of the W 1/2 of NE 1/4 of Section 8, Township 4 North, Range 18 East and containing 4.07 1 acres, more or less.

PARCEL NUMBER 2: Commence at an iron pin set at the point where an ancient fence marking the accepted West line of the NE 1/4 of Section 8, Township 4 North, Range 18 East, intersects the Westerly margin of U. S. Highway No. 331, thence S17° 07.1'E along the West line of said highway a distance of 1105.58 feet to a point marked by an iron pin, and the Point of Beginning of the lands herein described, thence continue S17° 07.1'E along the West line of said highway a distance of 304.44 feet to a point marked by an iron pin, thence S72° 20.4'W a distance of 440.52 feet to a point marked by an iron pin, thence N0° 05.1'E a distance of 407.17 feet to a point marked by an iron pin, thence N86° 58.5'E a distance of 330.71 feet to the Point of Beginning.  Said lot or parcel of land lying in and being a part of the W 1/2 of NE 1/4 of Section 8, Township 4 North, Range 18 East and containing 3.092 acres, more or less.

**RECITAL:**  The above property is no part of the homestead of the Grantor or of the Grantor's spouse, nor was it part of the homestead of Samuel W. Stinson or of his spouse at the time of execution of that certain deed to the Grantor herein recorded in the Office of the Judge of Probate of Covington County, Alabama, in Real Property Book 861,  Page 911.

**RECITAL:** To correct that certain deed dated February 28, 1996, and recorded February 28, 1996, at 10:l0 a.m., in Real Property Book 914, Pages 584-585, in the Office of the Judge of Probate of Covington County, Alabama.

2. All right, title and interest to the Real Property above is hereby condemned, forfeited and vested in the U.S., and shall be disposed of according to law.

3. The Real Property shall be sold by the United States Marshals Service (the "USMS") and all costs of sale, the USMS's expenses, amounts due for all debt owed to Wachovia, and due and owing property taxes shall be paid from the proceeds of such sale. If the highest offer or bid for the Real Property is not sufficient to cover the costs and debt referenced in this paragraph, then the U.S. shall convey the Real Property by quitclaim deed to Wachovia, but, only after the U.S. notifies Wachovia of its intent to so convey the Real Property and Wachovia consents to such conveyance within thirty (30) days. Without such consent by Wachovia within such thirty (30) days, Wachovia shall in no way be deemed to have accepted delivery of the deed, and title to the Real Property shall not have transferred to Wachovia. If Wachovia does not so consent to said conveyance within thirty (30) days of the U.S.'s notification to Wachovia of its intent to convey the Real Property to Wachovia, the U.S. shall have the right to convey all of its right, title, and interest to the Real Property to B. Trawick, but Wachovia's lien on the Real Property shall remain attached.

4. As of December 1, 2006, the total indebtedness due Wachovia was $113,379.42, with interest accruing at $16.67 per diem. The amount due Wachovia shall be calculated by adding the accrued per diem interest, up to the date of sale, to said $113,379.42.

5. One-half of the proceeds remaining after sale of the Real Property and disbursement of funds as specified above are hereby forfeited to the U.S. to be disposed of according to law.

6. The remaining one-half of said proceeds shall be paid to Trawick, through her attorney, David J. Harrison.

7. This Court shall retain jurisdiction in the case for the purpose of enforcing this Order.

8. Except as herein stated, all parties shall bear their own costs.

9. The Clerk of the Court shall forward two certified copies of this Order to the United States Attorney's Office.

**SO ORDERED** this the ___ day of December 2006.

_____
**United States District Judge**

**AGREED TO BY:**

/s/ Glenn E. Glover_____
Glenn E. Glover

Attorney for Wachovia Bank, N.A.

**OF COUNSEL:**

**BURR & FORMAN LLP**
3100 Wachovia Tower
420 North 20th Street
Birmingham, Alabama  35203
Telephone:   (205) 251-3000
Facsimile:     (205) 458-5100

5

/s/ John T. Harmon
John T. Harmon
Assistant U.S. Attorney General

**OF COUNSEL:**

**Office of the United States Attorney**
Middle District of Alabama
P.O. Box 197
Montgomery, AL 36101-0197
Telephone: (334) 223-7280